Renee Wood
1911 S. Candlewood Dr.
Nampa, Idaho 83686

U.S. COURTS

SEP 21 2016

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

Plaintiff pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE WOOD, AND RENEE WOOD<br>Plaintiffs,<br><br>vs.<br><br>PAUL PANTHER, et al<br><br>Defendants, | Case No. 1:15-cv-00092-CWD<br><br>**SUPPLEMENTAL COMPLAINT** |

COMES NOW, Renee Wood, Plaintiff in the above entitled case, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure and to the Court's August 22, 2016 Order, hereby submits his Supplemental Complaint.

SUPPLEMENTAL COMPLAINT

**A. FIRST CAUSE OF ACTION: Defendant Paul Panther violation of Plaintiff's First Amendment Right to be free from blackmail and extortion.**

1. On February 14, 2013 the Federal Court in Wood v. Martin Case No. 3:04-99-BLW conducted a hearing on behalf of Panther and Kubinski, and IDOC attorney Keely Duke regarding two intercepted letters before being mailed out of the IDOC institution - ISCI marked "Legal Mail"

SUPPLEMENTAL COMPLAINT        1

from Lance Wood to Plaintiff Renee Wood. These two letters were a combination of romantic feelings Mr. Wood had for Plaintiff and Mr. Wood's legal strategies for his Wood v. Martin case. At this hearing Panther and Defendant Kubinski provided Plaintiff with an opportunity to stop assisting Mr. Wood with his Wood v. Martin case and from continuing on with their pursuing any further litigation against the IDOC in-crowd by demonizing Mr. Wood as being a sexual predator, a threat to her Plaintiff Renee Wood's safety, and that Renee Wood needed to get away and stay away from him. When Plaintiff Renee Wood informed Panther, Kubinski, and Duke that she knew about the letters from Mr. Wood and that her intentions were to continue assisting him with his Wood v. Martin case, Panther had Duke attack Plaintiff verbally.

2. On March 1, 2013 Panther conspired with Defendants Kubinski, Reinke and Blades to provide Idaho State Senator Curtis McKenzie with the IDOC investigation report regarding Plaintiff's relationship with Mr. Wood if she did not stop assisting Mr. Wood with his Wood V. Martin case, and to stop their future litigation against the IDOC in-crowd. The information contained within the IDOC investigation report consisted of their personal letters, and telephone records, and her personal photographs she had mailed in to Mr. Wood. When Plaintiff declined to back off from assisting Mr. Wood with his lawsuit and their future litigation against the in-crowd, Panther made good on their conspired blackmail and extortion by providing Senator McKenzie with this information.

3. During the March 2013 Idaho Legislation Session, Panther and Reinke approached Senator McKenzie at the Idaho State Capital during the 2013 Idaho active legislative session, and provided him with the IDOC investigation report conducted by Defendant James DuToit into Plaintiff and Mr. Wood. This report contained summaries on every one of their telephone conversations that revealed their personal relationship, their future plans to be married, Plaintiff Renee Wood's plan to run for Idaho State Senator, their future litigation to be filed in federal court to end the in-crowd, and their intimate display of love for each other. Panther along with Defendant Reinke threatened Senator McKenzie, stating they'd release the IDOC investigation report to the press if he did not get his wife to back off from assisting Mr. Wood with his current litigation, and for her to stop any future litigation against the IDOC in-crowd.

4. When Mr. Wood returned from IMSI, Plaintiff discussed their options regarding Defendant Panther's threat to release the IDOC investigation report to the press. Mr. Wood then wrote a letter to Panther asking how they could reach an agreement where her relationship with Mr.

SUPPLEMENTAL COMPLAINT                 2

Wood would not be released to the press and no charges of felony practice of law would be brought.

5. On March 17, 2013 Panther sent an IDOC official out to ISCI to threaten Mr. Wood that if he did not dismiss all his lawsuits against the IDOC officials, admit in open court that they were all frivolous, stop all planned litigation against the IDOC in-crowd, cease all contact with Plaintiff, and agree to be transferred back to the Utah State Prison, after spending a duration of time at the IMSI, they would release the IDOC investigation report regarding Plaintiff and Mr. Wood's relationship to the press and bring felony charges against her for practicing law without a license. The IDOC official, when pressed by Mr. Wood, acknowledged that was not a valid charge, but that it would ruin her reputation and her marriage.

6. When Plaintiff continued to assist Mr. Wood with his lawsuit, and continued with future litigation against the in-crowd, Panther released to the press the IDOC investigation report concerning their relationship and proceeded with bringing felony charges against Plaintiff for practicing law without a license.

7. Panther violated Plaintiff's First Amendment Constitutional right when he threatened blackmail and extortion in order to silence and prevent Plaintiff's Constitutional protective right to freedom of speech in objection to the corruption of IDOC and against the in-crowd, her planned campaign to run for political office as an Idaho State Senator, her freedom of association with Mr. Wood, her assistance of others with upholding their constitutional rights to be free from retaliation, harassment, and denial of access to the courts by the IDOC in-crowd, and to better society by protecting them from harm that the in-crowd had on society by committing unlawful and unconstitutional offenses.

8. Panther carried out his blackmail and extortion threats against Plaintiff by having her relationship with Mr. Wood leaked to the Associated Press as promised to Senator McKenzie, Plaintiff, and Mr. Wood.

9. Panther carried out his blackmail and extortion threats against Plaintiff by having the Ada County Sheriff's Department and Defendant Matthew Buie's investigate Plaintiff Renee Wood for a class felony practicing law without a license.

**B. SECOND CAUSE OF ACTION: Defendant Mark Kubinski violation of Plaintiff's First Amendment Right to be free from blackmail and extortion.**

10. On February 14, 2013 the Federal Court in Wood v. Martin Case No. 3:04-99-BLW conducted a hearing on behalf of Kubinski and Panther, and IDOC attorney Keely Duke, regarding two intercepted letters before being mailed out of the institution marked Legal Mail from Lance Wood to Plaintiff. These two letters were a combination of romantic feelings Mr. Wood had for Plaintiff, and Mr. Wood's Wood v. Martin case. At this hearing Kubinski and Defendant Panther provided Plaintiff with an opportunity to stop assisting Mr. Wood with his Wood. v. Martin case and from continuing on with their pursuing any further litigation against the in-crowd by demonizing Mr. Wood as being a sexual predator, a threat to her safety, and that she needed to sop helping him with his case, and to get away from him. When she informed Kubinski, Panther, and Duke that she knew about the letters from Mr. Wood and that her intentions were to continue assisting him with his Wood v. Martin case, Kubinski and Panther had Duke attack Plaintiff by (Quote).

11. On March 1, 2013 Kubinski conspired with Defendants Panther, Reinke and Blades to provide Senator Curtis McKenzie with the IDOC report regarding Plaintiff's relationship with Mr. Wood if she did not stop assisting Mr. Wood with his Wood v. Martin case, and to stop their future litigation against the IDOC in-crowd. The information contained in within the IDOC investigation report consisted of their personal letters and telephone records and her personal photographs that she had mailed in to Mr. Wood. When Plaintiff declined to back off from assisting Mr. Wood with his lawsuit and their future litigation against the in-crowd, Kubinski made good on their conspired blackmail and extortion by providing Senator McKenzie with this information.

12. Kubinski was aware that during the March 2013 Legislation Session Panther approached Senator McKenzie at the Idaho State Capital and provided him with the IDOC investigation report that had been conducted on Renee and Lance Wood. This report contained summaries on all of their telephone conversations that revealed their personal relationship, their future plans to be married, her plan to run for Idaho State Senator, their litigation to end the in-crowd, and their intimate displays of love for each other. Defendant threatened Senator McKenzie, saying he'd

release this the information contained in the report to the press if he did not get his wife to back off from assisting Mr. Wood with his current litigation and future litigation against the in-crowd.

13. Kubiski was aware and in agreement that on March 17, 2013 Panther sent and IDOC official out to ISCI to threaten Mr. Wood that if he did not dismiss his lawsuit against them and end all contact with Plaintiff, Panther would release the information they had on his relationship with Plaintiff to the press and charge her with a felony for practicing law without a license.

14. When Plaintiff continued to assist Mr. Wood with his lawsuit, and continued with their future litigation against the in-crowd, Kubinski conspired with Defendant Panther to have the IDOC investigation report concerning their relationship release to the press, and proceeded with bringing felony charges against Plaintiff for practicing law without a license.

15. Kubinski violate Plaintiff's First Amendment Constitutional Right when he threatened blackmail and extortion in order to silence her protective right to freedom of speech in objection to the corruption in IDOC and against the in-crowd, her planned campaign to run for political office as an Idaho State Senator, freedom of association with Mr. Wood, assist others with upholding their constitutional rights to be free from retaliation, harassment, and denial of access to the courts by the IDOC in-crowd, and to better society by protecting them from the harm the in-crowd had on society by committing unlawful an unconstitutional offenses.

16. Kubinski acted in concert with Defendant Panther and aided in carrying out the blackmail and extortion threats against Plaintiff by having her relationship with Mr. Wood leaked to the Associated Press as promised to Senator McKenzie, Plaintiff, an Mr. Wood.

17. Kubinski acted in concert with Defendant Panther and aided in the carrying out of the blackmail and extortion threats against Plaintiff by having the Ada County Sheriff's Department and Defendant Matthew Buie investigate her for a class felony practicing law without a license.


**C. THIRD CAUSE OF ACTION: Defendant Brent Reinke violation of Plaintiff's First Amendment Right to be free from blackmail and extortion.**


18. On March 1, 2013 Reinke conspired with Defendants Panther, Kubinski and Blades to provide Senator Curtis McKenzie with the IDOC investigation report regarding Plaintiff's

SUPPLEMENTAL COMPLAINT          5

relationship with Mr. Wood if she did not stop assisting Mr. Wood with his Wood v. Martin Case, and to sop their future litigation against the IDOC in-crowd. The information contained within the IDOC investigation report consisted of their personal letters, and telephone records, and her personal photographs she had mailed in to Mr. Wood. When Plaintiff declined to back off from assisting Mr. Wood with his lawsuit and their future litigation against the in-crowd, Reinke made good on their conspired blackmail and extortion by providing Senator McKenzie with this information.

19. Reinke was aware that during the March 2013 Legislation Session Panther approached Senator McKenzie at the Idaho State Capital and provided him with the IDOC investigation report conducted on Renee and Lance Wood. This report contained summaries on every one of their telephone conversations that revealed their personal relationship, their future plans to be married, her plan to run for Idaho State Senator, their litigation to end the in-crowd, and their intimate displays of love for each other. Reinke and Panther threatened Senator McKenzie, saying that they would release this information to the press if he did not get his wife to back off from assisting Mr. Wood with his current litigation and future litigation against the in-crowd.

20. Reinke was aware and in agreement that on March 17, 2013 Panther sent an IDOC official to ISCI to threaten Mr. Wood that if he did not dismiss his lawsuit against them and end all contact with Plaintiff information on their relationship would be released to the press and they would charge Plaintiff with a felony for practicing law without a license.

21. When Plaintiff continued with assisting Mr. Wood with his lawsuit, and continued with their future litigation against the in-crowd, Reinke assisted in the release of this information concerning their relationship to the press and bringing felony charges against Plaintiff.

22. Reinke violated Plaintiff's First Amendment Constitutional right when he threatened blackmail and extortion in order to silence her protective right from freedom of speech in objection to the corruption in IDOC and against the in-crowd, her planned campaign to run for political office as an Idaho State Senator, freedom of association with Mr. Wood, assist others with upholding their constitutional rights to be free from retaliation, harassment, and denial of access to the courts by the IDOC in-crowd, and to better society by protecting them from the harm the in-crowd had on society by committing unlawful and unconstitutional offences.

23. Reinke was aware that Panther would carry out his blackmail and extortion threats against Plaintiff by having her relationship with Mr. Wood leaked to the Associated Press as promised to Senator McKenzie, Plaintiff, and Mr. Wood.

24. Reinke was aware that Panther would carry out his blackmail and extortion threats against the Plaintiff by having the Ada County Sheriff's Department and Defendant Matthew Buie investigate her for a class felony for practicing law without a license.

**D. FOURTH CAUSE OF ACTION: Defendant Randy Blades violation of Plaintiff's First Amendment Right to be free from blackmail and extortion.**

25. On March 1, 2013 Blades conspired with Defendants anther, Kubinski and Reinke to provide Senator Curtis McKenzie with the IDOC investigation report regarding Plaintiff's relationship with Mr. Wood if she did not stop assisting Mr. Wood with his Wood v. Martin case, and to stop their future litigation against the IDOC in-crowd. The information contained within the IDOC investigation report consisted of their personal letters and telephone records, and her personal photographs she had mailed in to Mr. Wood. When Plaintiff declined to back off from assisting Mr. Wood with his lawsuit against the in-crowd, Blades made good on their conspired blackmail and extortion by providing Senator McKenzie with this information.

26. Blades was aware that during the March 2013 Legislation Session Panther approached Senator McKenzie at the Idaho State Capital and provided him with the IDOC investigation report conducted on Renee and Lance Wood. This report contained summaries on every one of their telephone conversations that revealed their personal relationship, their future plans to be married, her plan to run for Idaho State Senator, their litigation to end the in-crowd, and their intimate displays of love toward each other. Blades was aware and in agreement that Panther and Reinke would threaten Senator McKenzie to release this information to the press if he did not get his wife to back off from assisting Mr. Wood with his current litigation and future litigation against the in-crowd.

27. Blades as aware and in agreement that on March 17, 2013 Panther sent an IDOC official out against them and end all contact with Plaintiff, Panther would release the information they had o

SUPPLEMENTAL COMPLAINT                7

felony for practicing law without a license.

28. When Plaintiff continued with assisting Mr. Wood with his lawsuit, and they continued their of this information concerning their relationship to the press, and in bringing felony charges agai

29. Blades violated Plaintiff's First Amendment Constitutional right when he threatened blackma of speech in objection to the corruption in IDOC and against the in-crowd, her planned campaigr association with Mr. Wood, assist others with upholding their constitutional rights to be free fror IDOC in-crowd, and to better society by protecting them from the harm the in-crowd had on soci

30. Blades was aware that Panther would carry out his blackmail and extortion threats against Pl: Associated Press as promised to Senator McKenzie, Plaintiff, and Mr. Wood.

31. Blades was aware that Panther would carry out his blackmail and extortion threats against Pl Defendant Matthew Buie investigate her for a class felony practicing law without a license.

### E. FIFTH CAUSE OF ACTION: Defendant Paul Panther denial of access to court violatioi Plaintiff's First Amendment right.

32. Panther acted in bad faith retaliation harassment when he threatened that the investigation int civil matters in which Plaintiff was involved in against the IDOC in-crowd were terminated.

33. Panther was aware that Defendants DuToit and Stewart were confiscating Mr. Wood's legal 1 was the custom and current practice of IDOC employees and IDOC employees believed that Pan legal evidence.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on 21 day of September, 2016

Respectfully submitted on this day 21st of September, 2016.

Renee Wood

9-21-16
Date

SUPPLEMENTAL COMPLAINT                    8