UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE WOOD and RENEE WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL PANTHER, MARK KUBINSKI, BRENT REINKE, ROBIN SANDY, OLIVIA CRAVEN, KEVIN KEMPF, WILLIAM FRUEHLING, RANDY BLADES, KEITH YORDY, ALAN STEWART, JAMES DU TOIT, KARA NIELSON, MATTHEW BUIE, MR. WILSON, and JOHN AND JANE DOES,<br><br>Defendants. | Case No. 1:15-cv-00092-DCN<br><br>**ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION (DKT. 30); AND DISMISSING AS MOOT PLAINTIFF LANCE WOOD'S MOTION FOR RULE 60 RELIEF** |

## I. INTRODUCTION

On December 22, 2017, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report") (Dkt. 30), recommending that: (1) Plaintiff Lance Wood's ("Lance") claims (Dkt. 9) be dismissed without prejudice; and (2) that Plaintiff Renee Wood ("Renee") be permitted to proceed on her Second Amended Complaint (Dkt. 21) with Supplement (Dkt. 28) only as follows: (1) a First Amendment freedom of speech claim against Defendants Panther, Kubinski, Reinke, and Blades; (2) a suppression of First Amendment political speech claim, a First/Fourteenth Amendment

retaliation claim for the exercise of political speech, and a Fourteenth Amendment harassment claim against Defendants Panther, Kubinski, Reinke, and Blades; (3) a Fourteenth Amendment harassment claim for the exercise of political speech against Defendant Du Toit; and (4) a First Amendment claim of violation of her right to freedom of association with inmates and with Lance by Defendants Panther, Kubinski, Reinke, and Blades, to the extent compatible with prison regulations.

On January 10, 2018, Renee filed timely objections to Judge Dale's Report. Dkt. 32. Specifically, she objected to the reassignment of the case to Judge B. Lynn Winmill (now a moot point), the recommended dismissal of her First Amendment Mail claims, the recommended dismissal of her Denial of Access to Courts claim, and the recommended dismissal without prejudice of Lance's claims. Dkt. 32, at 1-3. She also alleged that the Court was "overreach[ing] in discovery matters" and "applying a hyper pleading standard." *Id.* On January 17, 2018, Lance filed a Motion for Rule 60 Relief. Dkt. 34.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id*.

The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise. . . .to the extent *de novo* review is

required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (internal quotation marks and citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

### III. DISCUSSION

The relevant procedural background and facts of this case are set forth in the Report (Dkt. 30) and the Court incorporates that background in full by reference. The Court has reviewed the entire Report as well as the full record in this matter. It has also considered Renee's objections to the Report. After conducting the requisite *de novo* review, the Court agrees with the Report's recitation of the facts, determination of the applicable law, discussion of the applicable law, analysis, reasoning, and conclusions as they relate to Renee's claims. For these reasons, the Court overrules Renee's objections, and adopts every aspect of the Report, other than the recommendation that Lance's claims be dismissed.

On August 3, 2016, this Court received a letter from Lance, explaining that on January 20, 2016, he attempted to submit his Second Amended Complaint via mail. However, for unknown reasons, the Court never received that mailing. In light of the mailing error, Judge Dale entered an order on August 22, 2016, that stated "[i]f Lance desires to proceed, within 30 days after entry of this Order, he must re-send the amended complaint to the Clerk of Court." Dkt. 27, at 3.

Lance claims that he attempted to re-send his complaint on or about September 13, 2016. However, once again, the Court never received it. When Judge Dale submitted the Report on December 22, 2017, the Court had still not received Lance's Amended Complaint. Judge Dale, therefore, recommended that Lance's claims be dismissed without prejudice.

On January 17, 2018, Lance filed his Motion for Rule 60 Relief, and attached statements from three individuals, including a corrections officer at the prison facility where he resides, corroborating Lance's claims that he attempted to submit his Second Amended Complaint via mail in January of 2016, and again in September of 2016. Dkt. 34-3. In light of this information, the Court finds good cause to accept Lance's Second Amended Complaint (which the Court received on January 17, 2018) (Dkt. 35) and will not dismiss Lance's claims at this time. The Court will conduct an initial review of Lance's Second Amended Complaint in due course. Because the Court is not dismissing Lance's claims at this time, his Motion for Rule 60 Relief is DISMISSED as MOOT.

Finally, on January 10, 2018, Renee submitted a second In Forma Pauperis Application. Renee has already filed an In Forma Pauperis Application (Dkt. 13) which this Court granted (Dkt. 19). However, on December 22, 2017, Judge Dale ordered Renee to submit an updated income and expenses affidavit regarding her current in forma pauperis status. Having reviewed Renee's updated In Forma Pauperis Application, the Court will allow her in forma pauperis status to continue, with the same conditions as previously set by Judge Dale. *See* Dkt. 19.

# IV. ORDER

The Court HEREBY ORDERS:

1. The Report and Recommendation entered on December 22, 2017, attached below, (Dkt. 30) is **ADOPTED IN PART.** Specifically, the Court adopts and orders the following: Plaintiff Renee Wood is permitted to proceed on her Second Amended Complaint (Dkt. 21) with Supplement (Dkt. 28) only as follows: (1) a First Amendment freedom of speech claim against Defendants Panther, Kubinski, Reinke, and Blades; (2) a suppression of First Amendment political speech claim, a First/Fourteenth Amendment retaliation claim for the exercise of political speech, and a Fourteenth Amendment harassment claim against Defendants Panther, Kubinski, Reinke, and Blades; (3) a Fourteenth Amendment harassment claim for the exercise of political speech against Defendant Du Toit; and (4) a First Amendment claim of violation of her right to freedom of association with inmates and with Lance by Defendants Panther, Kubinski, Reinke, and Blades, to the extent compatible with prison regulations.

2. The Court does not adopt the recommendation that Plaintiff Lance Wood's Claims be dismissed. The Court will accept his Second Amended Complaint (Dkt. 35) as timely filed and will conduct an initial review of his complaint in due course.

3. The Court DISMISSES Plaintiff Lance Wood's Motion for Rule 60 Relief (Dkt. 34) as MOOT.

4. Plaintiff Renee Wood's updated Application for Leave to Proceed in forma pauperis (Dkt. 31) is GRANTED.

DATED: September 25, 2018

_____
David C. Nye
U.S. District Court Judge