UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE WOOD, and RENEE WOOD,<br><br>  Plaintiffs,<br><br>  v.<br><br>PAUL PANTHER, MARK KUBINSKI, BRENT REINKE, ROBIN SANDY, OLIVIA CRAVEN, KEVIN KEMPF, WILLIAM FRUEHLING, RANDY BLADES, KEITH YORDY, ALAN STEWART, JAMES DU TOIT, MATHEW BUIE, and JOHN AND JANE DOES,<br><br>  Defendants. | Case No. 1:15-cv-00092-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Lance Wood's ("Lance") Third Amended Complaint.[1] Dkt. 42. Lance originally filed his Complaint on March 17, 2015 (Dkt. 2) and his Amended Complaint on August 20, 2015 (Dkt. 9). The Court previously determined Lance could not proceed with his civil rights action because his claims in the Amended Complaint were unclear or disjointed. Dkt 12, at 3. The Court allowed him to amend, but, in his Second Amended Complaint (Dkt. 35), the Court again found that he failed to state

---

[1] Plaintiff Renee Wood did not join in filing this Complaint.

MEMORANDUM DECISION AND ORDER - 1

any claim upon which relief can be granted. Dkt. 40. In doing so, the Court granted Lance leave to file a Third Amended Complaint. *Id.*, at 11. The Court now conducts a review of his Third Amended Complaint. For the reasons set forth below, the Court dismisses each of his claims with prejudice.

## II. LEGAL STANDARD

The Court is required to screen complaints brought by prisoners who "seek[] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). To state a claim upon which relief can be granted, a Plaintiff's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short

MEMORANDUM DECISION AND ORDER - 2

and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." The Supreme Court has held that Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry,* 84 F.3d at 1179; *Nevijel,* 651 F.2d at 673.

Despite having been provided with three opportunities to amend his deficient pleadings in accordance with the Court's instructions, Lance's Third Amended Complaint altogether fails to meet the minimal requirement that a complaint at least allow the defendants to discern "what [they] are being sued for." *McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). As in *McHenry*, Lance's Third Amended Complaint continues to allege sweeping conspiracies being waged against him by numerous prison

MEMORANDUM DECISION AND ORDER - 3

officials at two institutions (and one detective from a sheriff's department), but it fails to make intelligible connections between specific factual allegations and named defendants, which would render it "excessively difficult for individual defendants to formulate proper defenses and [would] subject the [defendants] to unnecessary discovery." *McHenry*, 84 F.3d at 1175.

Just as it did in its review of Lance's Second Complaint, here the Court has identified six general categories of the causes of action asserted in Lance's Third Complaint: (1) First Amendment violation for blackmail and extortion; (2) First Amendment violation for restricting access to courts; (3) First Amendment violation of speech, association, and expression rights; (4) Eighth Amendment violation for deliberate indifference; (5) First Amendment violation for retaliation; and (6) Eighth Amendment violation for calculated harassment. The Court previously dismissed each cause of action due to failure to state a claim upon which relief can be granted. In doing so, the Court instructed Lance, if he chose to file a Third Amended Complaint, to provide clear facts of each Defendant's personal participation in the alleged conduct. Ultimately, he failed to do so.

Upon review of Lance's Third Amended Complaint, Lance has not remedied the flaws the Court identified in his prior compliant. Once again, his allegations supporting his claims are vague and conclusory. For example, he repeats the same allegations numerous times—describing the Defendants as "fully aware" both regarding the policies they "conspired to," and "covering-up unlawful conduct" —yet falls short when providing specific, nonconclusory facts to support those claims.

MEMORANDUM DECISION AND ORDER - 4

Few facts are provided throughout, but when they are provided, they do not support any plausible claim. For instance, Lance alleges Defendants were fully aware of sending an Idaho Department of Corrections ("IDOC") official to Idaho State Correctional Institution ("ISCI") to threaten to release the IDOC investigation regarding Lance and Renee's relationship to the press and to bring felony charge against her for practicing law without a license if Lance did not dismiss his lawsuits and admit in open court the lawsuits were frivolous. Again, Lance's conclusion of the Defendants were "fully aware" of sending an IDOC official to ISCI does not establish who sent the IDOC official, how each Defendant was involved in such a decision, or what each Defendant knew about the event. Nor does it establish whether each Defendant, if they were involved in sending the IDOC official to visit ISCI, knew that the IDOC official would threaten Lance with blackmail and extorsion or how each Defendant participated in such a scheme. Because Lance's claims lack nonconclusory, factual allegations stating how each Defendants personally violated his rights, his claims are not sufficiently pled. This issue repeats throughout the Third Amended Complaint, just as it did throughout the Second Amended Complaint.

The Court reviewed the Third Amended Complaint in its entirety. It finds that Lance did not remedy the flaws the Court identified in his Second Complaint; Lance instead repeats them. Although Lance alleges several claims, he ultimately fails to provide sufficient facts to support any of them. Therefore, for the same reason the Court dismissed Lance's Second Amended Complaint, the Court finds that Lance's Third Amended Complaint fails to state a claim upon which relief can be granted and may not proceed.

The Court has previously explained the deficiencies in Lance's claims and has provided Lance with several opportunities to correct those deficiencies. Lance's Third Amended Complaint, however, continues to suffer from many of the same pleading deficiencies in his claims against the individual defendants. Accordingly, the Court finds that providing Lance with a further opportunity to amend his claims would be futile. *See, e.g., Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted); *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (explaining that a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend"), *cert. denied*, ––– U.S. –––, 135 S. Ct. 2313 (2015); *McHenry*, 84 F.3d at 1174 (affirming dismissal without further leave to amend where plaintiff had failed to amend pleading in compliance with Rule 8 despite having been provided with three opportunities to amend).

## IV. CONCLUSION

Upon review, the Court finds that Lance's Third Amended Complaint fails to state any claim upon which relief can be granted and, further, he has failed to clearly and concisely set forth allegations sufficient to provide Defendants with notice of which Defendant is being sued on which theory and what relief is being sought against them. The Court dismisses Lance's Third Amended Complaint with prejudice.

## V. ORDER

1. Lance Wood's Third Amended Complaint is DISMISSED WITH PREJUDICE.

2. The Clerk of the Court is directed to close the case.

DATED: August 13, 2020

David C. Nye
Chief U.S. District Court Judge