UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| RENEE WOOD,<br><br>                        Plaintiff,<br>v.<br><br>PAUL PANTHER, MARK KUBINSKI, BRENT REINKE, ROBIN SANDY, OLIVIA CRAVEN, KEVIN KEMPF, WILLIAM FRUEHLING, RANDY BLADES, KEITH YORDY, ALAN STEWART, JAMES DU TOIT, MATHEW BUIE, and JOHN AND JANE DOES,<br><br>                       Defendants. | Case No. 1:15-cv-00092-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

There are several matters pending before the Court. The first is Defendant Mathew Buie's Motion to Dismiss (Dkt. 56). The next is Plaintiff Renee Wood's Motion for Rule 56(d) Relief (Dkt. 60). The last is Defendants Robin Sandy, Olivia Craven, Kevin Kempf, William Fruehling, Keith Yordy, and Alan Stewart's ("the Group Defendants") Motion to Dismiss (Dkt. 63). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court GRANTS Buie's Motion to Dismiss,

MEMORANDUM DECISION AND ORDER – 1

DENIES Wood's Motion for Rule 56(d) Relief, and GRANTS the Group Defendants' Motion to Dismiss.

## II. BACKGROUND

On March 17, 2015, Wood[1] filed a Complaint and an Application for Leave to Proceed *In Forma Pauperis* with the Court. Dkt. 2. Before the Court undertook an initial screening of the documents, as is required by 28 U.S.C. § 1915, Wood filed an Amended Complaint. Dkt. 9. On September 30, 2015, the Court reviewed Wood's Amended Complaint, dismissed it for failure to state a claim, and directed Wood to file a Second Amended Complaint to correct the identified deficiencies. Dkt. 12.

On December 24, 2015, Wood filed a Second Amended Complaint. Dkt. 21. The Court reviewed the new pleading and concluded that the previously identified deficiencies had not been remedied. Dkt. 27. The Court specifically explained:

> For the most part, the Second Amended Complaint remains vague, with every allegation implausibly pinned to every Defendant. It is impossible to tell whether . . . Wood misunderstood or disregarded the Court's instructions to show the personal participation of each Defendant as to each claim alleged. Therefore, many of the claims are subject to dismissal for failure to state a claim upon which relief can be granted.

*Id.* at 2. The Court directed Wood to supplement her pleading with additional factual allegations and once again specifically instructed Wood on how to remedy the pleading's deficiencies. *See generally id.*

On September 21, 2016, Wood filed a Supplemental Complaint. Dkt. 28. Thereafter,

---

[1] Because this case initially involved Plaintiffs Lance Wood and Renee Wood, the Court previously referred to Plaintiff Renee Wood by her given name—Renee—for sake of clarity. Now that this case remains open solely to Plaintiff Renee Wood, the Court refers to her by her surname, as is the Court's standard practice.

the Court reviewed Wood's pleadings and permitted her to proceed only with specific claims against specific Defendants enumerated in the Order. Dkts. 29–30. Buie was not on that list, nor were the Group Defendants. The list included the following claims and Defendants:

> (1) a First Amendment freedom of speech claim against *Defendants Panther, Kubinski, Reinke, and Blades*; (2) a suppression of First Amendment political speech claim, a First/Fourteenth Amendment retaliation claim for the exercise of political speech, and a Fourteenth Amendment harassment claim against *Defendants Panther, Kubinski, Reinke, and Blades*; (3) a Fourteenth Amendment harassment claim for the exercise of political speech against *Defendant Du Toit*; and (4) a First Amendment claim of violation of her right to freedom of association with inmates and with Lance by *Defendants Panther, Kubinski, Reinke, and Blades*, to the extent compatible with prison regulations.

Dkt. 38, at 5 (emphasis added). Indeed, the Court explained that Wood had failed to state a claim against Buie and dismissed the Group Defendants as a matter of law. Dkt. 30, at 18–21.[2]

Subsequently, this case was closed completely, but then reopened solely as to Wood. Dkt. 46. The Court specifically referenced its previous Orders and allowed Wood to proceed "as limited by its prior [O]rder (Dkt. 38)." Dkt. 46, at 1. In reinitiating this case, Wood has attempted to proceed against Buie and the Group Defendants.

Buie has now moved to be dismissed from this case based on the Court's prior Orders and Wood's failure to state a claim against him. Dkt. 56. Wood responded with a Motion for Rule 56(d) Relief pursuant to, as the name of the motion implies, Federal Rule

---

[2] This Order was in fact a Report and Recommendation from United States Magistrate Judge Candy W. Dale, which the undersigned adopted in relevant part after conducting the requisite *de novo* review. Dkt. 38, at 3, 5.

MEMORANDUM DECISION AND ORDER – 3

of Civil Procedure 56(d). Dkt. 60. Buie replied and contends that Rule 56(d) is inapplicable to his Motion to Dismiss. Dkt. 61.

The Group Defendants have also filed a Motion to Dismiss based on the same grounds as those in Buie's motion. Dkt. 63. Wood responded and suggested that the motion was premature. Dkt. 65. The Group Defendants replied. Dkt. 67. The motions are ripe for review.

### III. DISCUSSION

Buie seeks dismissal from this case because none of Wood's surviving claims are against him. Wood responds by filing a motion for relief under Rule 56(d). At the outset, Wood's motion is misplaced. Federal Rule of Civil Procedure 56 relates to motions for summary judgment, not motions to dismiss. Subdivision (d) provides for a nonmoving party on summary judgment to submit an affidavit or declaration seeking more time for discovery:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d). This provision does not apply when a plaintiff does not even state a viable claim in the first place. Indeed, such a claim does not make it to discovery, let alone provide a basis for more time to engage in discovery. *See Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (9th Cir. 2009) (explaining that the purpose of

MEMORANDUM DECISION AND ORDER – 4

Rule 56(d) "is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion" (cleaned up)). Accordingly, Buie is correct that Rule 56(d) does not apply here.[3]

Wood acknowledges that Buie's motion is not a motion for summary judgment, but she suggests that it should be considered one because evidence outside the pleadings is being considered. Dkt. 60-1, at 2. "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up). One exception, however, is when a court takes judicial notice of matters of public record. *Id.*

Here, all the Court is considering outside the pleadings are the Court's own Orders, which are first not evidence and are second matters of which the Court can certainly take judicial notice. Indeed, "[i]t is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (collecting cases); *see also von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139, 1143 (8th Cir. 2019). The Court takes judicial notice of its prior Orders in this case. Therefore, Buie's Motion to Dismiss need not be converted to a motion for summary judgment.

Wood also suggests that it would be prudent to allow her to conduct discovery

---

[3] Even if Rule 56(d) did apply, the Court would still deny Wood's motion because she has not supported it with an affidavit or declaration as is required, and she has not explained with sufficient details what evidence she would obtain, the sources of that evidence, and/or something more than speculation that she will find favorable evidence. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018); *Six Flags, Inc.*, 565 F.3d at 963; *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *Lane v. Department of Interior*, 523 F.3d 1128, 1135 n.4 (9th Cir. 2008) ("Lane's mentions of discovery in her opposition papers are insufficient.").

before dismissing Buie from this case. The Court disagrees. Federal Rule of Civil Procedure 12(b)(6) is a mechanism to sort plausible claims from implausible claims and to avoid unnecessary discovery on the latter. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557–58 (2007). Additionally, dismissing certain implausible or inviable claims before discovery assists district courts in achieving one of their primary objectives: "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

The Group Defendants move to be dismissed from this case for the same reasons that Buie has given. They assert that the Court already dismissed them from this case, and that their motion is merely "an effort to clarify the remaining" Defendants in this case. *See* Dkts. 61, 67. The Group Defendants are correct. Wood faults them for seeking dismissal before discovery, but again, that is precisely the purpose of Rule 12(b)(6). Moreover, the Court has already dismissed the Group Defendants based on Wood's failure to state a claim against them.

To be abundantly clear, the Group Defendants are all dismissed from this case as previously explained by the Court. *See* Dkts. 30, 38; *supra* Section II. The only Defendants that remain are the ones identified by the Court in the list of four claims above: Defendants Panther, Kubinski, Reinke, Blades, and Du Toit. In short, Wood's asserted grounds for maintaining Buie and the Group Defendants in this lawsuit are unpersuasive. The Court has already implicitly dismissed Buie and the Group Defendants from this case. They are now explicitly dismissed because Wood has failed to state a plausible claim against them.

## IV. ORDER

IT IS HEREBY ORDERED:

1. Defendant Buie's Motion to Dismiss (Dkt. 56) is GRANTED. Buie is dismissed from this case.

2. Plaintiff Wood's Motion for Rule 56(d) Relief (Dkt. 60) is DENIED.

3. Defendants Sandy, Craven, Kempf, Fruehling, Yordy, and Stewart's Motion to Dismiss (Dkt. 63) is GRANTED. They are all dismissed from this case.

DATED: March 4, 2021

David C. Nye
Chief U.S. District Court Judge