UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RENEE WOOD,<br><br>                Plaintiff,<br><br>v.<br><br>PAUL PANTHER; MARK KUBINSKI; BRENT REINKE; RANDY BLADES; ALAN STEWART; JAMES DU TOIT; and JOHN AND JANE DOES,<br><br>                Defendant. | Case No. 1:15-cv-00092-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants' Rule 41(b) Motion to Dismiss for Failure to Prosecute, filed on December 23, 2022. Dkt. 71. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Thus, in the interest of avoiding further delay, and because oral argument would not significantly aid its decisional process, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

This case has been ongoing since 2015. It originally involved two additional plaintiffs and several other defendants. After closing the case in 2020, the Court issued an

order reopening the case solely as to Renee Wood later that year. Dkt. 46. After Wood proceeded with her Second Amended Complaint, several defendants moved to dismiss the claims against them. Dkts. 53, 63. The Court granted the motions on March 4, 2021. Dkt. 70.

Since that time, besides the pending Motion to Dismiss, the docket has been idle. In fact, December 4, 2020, was the last time Wood took any action on this case. Dkt. 65. After the case had languished for more than two years, Defendants filed the instant Motion.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss the action if the plaintiff fails to prosecute his or her claims. Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Additionally, "[a]ny civil case in which no action of record has been taken by the parties for a period of six (6) months may, after sufficient notice as determined by the Court, be dismissed by the Court for lack of prosecution." Dist. Idaho Loc. Civ. R. 41.1.

### IV. ANALYSIS

Dismissing a case under Federal Rule of Civil Procedure 41(b) involves a five-factor analysis: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). A plaintiff's failure to respond to pleadings and the court's inquiries constitutes

abandonment of claims and warrants dismissal. *J&J Sports Prods., Inc. v. Morfin*, 2014 WL 12788190, at *2 (D. Idaho Feb. 7, 2014).

As to the first factor, the Ninth Circuit has indicated that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Likewise, the second factor warrants dismissal. The Court has a significant number of active cases on its docket that demand its attention; resolving this case would ease the Court's load. Third, the risk of prejudice to Defendants also weighs in favor of dismissal. This case has been ongoing since 2015. The specter of this litigation continues to hang over their heads, especially given Wood's total apathy. Though the fourth factor generally weighs in favor of disposing cases on their merits, it "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction," as is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (cleaned up). And finally, with regard to the fifth factor, there is no less drastic alternative available, especially given Wood's utter failure to fulfill her responsibility to move this case forward. For these reasons, the Court sees no reason to deviate from Rule 41(b)'s default effect—dismissal with prejudice.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendants' Rule 41(b) Motion to Dismiss for Failure to Prosecute (Dkt. 71) is GRANTED.

2. Wood's claims against Defendants are DISMISSED with PREJUDICE.

3. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.

DATED: May 15, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4